IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LARRY M. GENTILELLO, M.D., | § | |
| | § | |
| Plaintiff, | § | |
| | § | CIVIL ACTION NO. |
| v. | § | |
| | § | 3:07-CV-1564-K |
| ROBERT V. REGE, M.D. and | § | |
| ALFRED G. GILMAN, M.D., Ph.D., | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendants Dr. Robert V. Rege and Dr. Alfred G. Gilman's Motion for Judgment on the Pleadings Pursuant to Federal Rule of Civil Procedure 12(c) (Doc. No. 34). Because there is no issue of material fact and the pleadings show the Defendants are entitled to prevail as a matter of law, the Court **GRANTS** the motion for judgment on the pleadings.

Additionally, Plaintiff's Motion for Leave to File Supplemental Pleadings (Doc. No. 43) is **DENIED** as untimely. Defendants' Motion to Stay Discovery based on Qualified Immunity (Doc. No. 37) is **DENIED as moot**. All other outstanding motions are **DENIED**.

**I.    Factual and Procedural Background**

Dr. Larry M. Gentilello ("Gentilello") is employed as a tenured Professor of Surgery at The University of Texas Southwestern ("UTSW"). At UTSW, Dr. Gentilello held positions as the Chair of the Division of Burns, Trauma, and Critical Care and the Distinguished C. James Carrico, M.D. Chair in Trauma ("Chair Positions"). Dr. Robert V. Rege ("Rege"), the head of the Department of Surgery at UTSW, removed Dr. Gentilello from the Chair Positions. This decision was affirmed by Dr. Alfred G. Gilman ("Gilman"), Dean of UTSW Medical School.

On September 13, 2007, Dr. Gentilello filed his Original Complaint against Drs. Rege and Gilman pursuant to 42 U.S.C. § 1983, alleging he was improperly relieved of the Chair Positions depriving him of his Fourteenth Amendment rights. On March 20, 2009, Defendants moved for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c), asserting that Plaintiff cannot claim he had a clearly established property interest in the Chair Positions and therefore no cause of action under the Due Process Clause of the Fourteenth Amendment and that the Defendants are entitled to qualified immunity. Plaintiff filed his Response in opposition to that motion on April 9, 2009. Twelve days later, on April 21, 2009, Plaintiff filed a Motion for Leave to File Supplemental Pleadings before Defendants' motion for judgment on the pleadings was ripe. Defendants' filed their Reply in support of their motion and their Response in opposition to Plaintiff's motion on April 24, 2009 and May 14, 2009, respectively. On

June 9, 2009, Plaintiff filed his Reply in support of his Motion for Leave to File Supplemental Pleadings.

## II. Legal Standard

A Rule 12(c) motion for judgment on the pleadings is designed to dispose of cases where the material facts are not in dispute and a judgment on the merits can be rendered by looking to the substance of the pleadings and any judicially noticed facts. *Hebert Abstract Co. v. Touchstone Props., Ltd.*, 914 F.2d 74, 76 (5th Cir. 1990) (per curiam) (citing 5A Wright & Miller, *Federal Practice & Procedure*, § 1367 at 509–10 (1990)). "After the pleadings are closed—but within such time as not to delay the trial—any party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). The motion should be granted only if there is no issue of material fact and if the pleadings show that the moving party is entitled to prevail as a matter of law. *Greenberg v. Gen. Mills Fin. Group, Inc.*, 478 F.2d 254, 256 (5th Cir. 1973). The standard for deciding a motion under Rule 12(c) is the same as the one for deciding a motion under Rule 12(b)(6). *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 313 n.8 (5th Cir. 2002) (Fitzwater, J.) (citing 5A Wright & Miller, *Federal Practice & Procedure*, § 1368 at 591 (Supp. 2002) ("A number of courts have held that the standard to be applied in a Rule 12(c) motion is identical to that used in a Rule 12(b)(6) motion.") (footnote omitted)). "In analyzing the complaint, [the court] will accept all well-pleaded facts as true, viewing

them in the light most favorable to the plaintiff." *Id.* at 312–13 (citing *Doe v. Hillsboro Indep. Sch. Dist.*, 81 F.3d 1395, 1401 (5th Cir. 1996)).

"While a complaint . . . does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964-65, 167 L. Ed. 2d 929, 940 (2007) (citations, quotation marks, and brackets omitted). "Factual allegations must be enough to raise a right to relief above the speculative level[.]" *Id.* at 555, 127 S. Ct. at 1965, 167 L. Ed. 2d at 940. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868, 884 (2009) (citing *Twombly*, 550 U.S. at 556, 127 S. Ct. at 1965, 167 L. Ed. 2d at 940–41). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*, 127 S. Ct. at 1949, 167 L. Ed. 2d at 884. "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.*, 127 S. Ct. at 1949, 167 L. Ed. 2d at 884. (citing *Twombly*, 550 U.S. at 557, 127 S. Ct. at 1966, 167 L. Ed. 2d at 941 (brackets omitted)).

**III.   Analysis**

Plaintiff alleges that Defendants deprived him of his Constitutionally protected rights in the Chair Positions by removing him from the Chair Positions. Defendants contend that Plaintiff's claim fails because the Defendants are entitled to qualified immunity and Plaintiff does not have a Constitutionally protect property interest in the Chair Positions. The Court agrees with Defendants.

### A. Qualified Immunity

Defendants assert they are each entitled to qualified immunity. The Court recognizes that before turning to the defense of qualified immunity, it must normally determine whether Plaintiff has alleged a violation of a constitutional right at all. *See White v. Taylor*, 959 F.2d 539, 545 n.4 (5th Cir. 1992) (citing cases). Defendants do not deny that a Fourteenth Amendment due process right applies to public employees. Instead, they contend, as the Court discusses later, that no such right was violated. The Court may therefore properly consider Defendants' qualified immunity defense at this time.

"[G]overnment officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established rights of which a reasonable person would have known." *White v. Taylor*, 959 F.2d 539, 544 (5th Cir. 1992) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S. Ct. 2727, 2738, 73 L. Ed. 2d 396 (1982)). "Qualified immunity is available to state officials sued for constitutional violations pursuant to 42 U.S.C. § 1983." *Id.* (citing

(quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S. Ct. 2727, 2738, 73 L. Ed. 2d 396 (1982)). Whether a government official is entitled to qualified immunity "generally turns on the 'objective reasonableness of the action' assessed in light of the legal rules that were 'clearly established' at the time it was taken." *Id.* (quoting *Texas Faculty Ass'n v. University of Texas at Dallas*, 946 F.2d 379, 389 (5th Cir. 1991)). If reasonable public officials could differ on the lawfulness of the defendant's actions, the defendant is entitled to qualified immunity. *Id.*

The Court holds below that Plaintiff does not have a constitutionally protected property right in the claim he asserts. It follows, then, that Defendants are entitled to qualified immunity because they did not violate a clearly established right.

### B.    Protected Property Interest

Plaintiff claims he had a constitutionally protected property interest in the Chair Positions. To establish a Fourteenth Amendment substantive or procedural due process claim in the public employment context, a plaintiff must demonstrate that he has a clearly-established property interest in his employment. *Schultea v. Wood*, 27 F.3d 1112, 1116 (5th Cir. 1994) *reh'g en banc*, 47 F.3d 1427 (5th Cir. 1995). The existence of a property interest is determined by reference to state law. *Moulton v. City of Beaumont*, 991 F.2d 227, 230 (5th Cir. 1993). Since Texas follows the "employment at will" doctrine, a plaintiff in this state must, to establish a constitutionally protected property interest, show that he had an employment contract limiting the employer's right to

terminate him at will. *Schultea*, 27 F.3d at 1116; *see Montgomery County Hosp. Dist. v. Brown*, 965 S.W.2d 501, 502 (Tex. 1998) ("For well over a century, the general rule in this State . . . has been that absent a specific agreement to the contrary, employment may be terminated by the employer or the employee at will, for good cause, bad cause, or no cause at all. . . . For such a contract to exist, the employer must unequivocally indicate a definite intent to be bound not to terminate the employee except under clearly specified circumstances. . . . Without such agreement the employee cannot reasonably expect to limit the employer's right to terminate him.").

Plaintiff must show that he had an employment contract limiting the employer's right to terminate him at will. Plaintiff has not plead the existence of an employment contract, nor has Plaintiff even plead facts that the employment at-will relationship was altered in any manner. Therefore, Plaintiff could be terminated from the Chair Positions "at will", and thus, Plaintiff does not have a constitutionally protected property interest in the Chair Positions.

### C.   Leave to Amend

Moreover, Plaintiff seeks to amend his pleadings in an apparent attempt to allege the existence of an agreement establishing a property interest. The Court is unwilling to allow an amendment more than a year after Plaintiff initially amended his complaint. *See, e.g., Jacquez v. Procunier*, 801 F.2d 789, 792–93 (5th Cir. 1986) ("[I]f the protections afforded public officials are not to ring hollow, plaintiffs cannot be allowed to continue

to amend or supplement their pleadings until they stumble upon a formula that carries them over the threshold."). Consequently, Plaintiff's motion for leave to file supplemental pleadings is **DENIED**.

## IV. Conclusion

For the foregoing reasons, the Court **GRANTS** Defendants' motion for judgment on the pleadings. Accordingly, the Court will enter a separate judgment for Defendants. All other outstanding motions are hereby **DENIED**.

**SO ORDERED.**

Signed November 13th, 2009.

_Ed Kinkeade_
ED KINKEADE
UNITED STATES DISTRICT JUDGE